COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Bray


PHILIP MORRIS USA AND
 LUMBERMENS MUTUAL CASUALTY COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 1983-02-2            PER CURIAM
                                    DECEMBER 3, 2002
ROBERT E. KENNEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Thomas J. Mitchell; Hunton & Williams, on
          brief), for appellants.

          (Zenobia J. Peoples, on brief), for appellee.


     Philip Morris USA and its insurer contend the Workers'

Compensation Commission (commission) erred in finding that

Robert E. Kenney's (claimant) right shoulder rotator cuff tear

was a compensable consequence of his compensable April 11, 2000

left shoulder injury.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

          [The] doctrine [of compensable
          consequences], also known as the chain of
          causation rule, provides that "'where the
          chain of causation from the original
          industrial injury to the condition for which
          compensation is sought is direct, and not

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

interrupted by any intervening cause attributable to the [employee's] own intentional conduct, then the subsequent [condition] should be compensable.'"

Food Distributors v. Estate of Ball, 24 Va. App. 692, 697, 485 S.E.2d 155, 158 (1997) (citation omitted). "The simplest application of this principle is the rule that all the medical consequences and sequelae that flow from the primary injury are compensable." American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (citation omitted) (emphasis added).

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On April 11, 2000, claimant sustained a left rotator cuff tear as a result of a compensable injury by accident while working for employer.

On August 21, 2001, at a time when claimant was still undergoing physical therapy for his left shoulder injury, he reported to his treating physician, Dr. Stephen J. Leibovic, that he was developing pain in his right shoulder. Dr. Leibovic ordered an MRI of claimant's right shoulder. Based upon the MRI results, Dr. Leibovic concluded that claimant had sustained a

torn rotator cuff of his right shoulder.  In his October 11, 2001 report, Dr. Leibovic opined as follows:

> With respect to cause, [claimant] first told me about pain in the right shoulder in September of this year.  That was quite some time after this initial injury at work.  He says that he thinks he was overusing his right shoulder as a result of his left shoulder problems, and this is certainly reasonable, but whether or not it was entirely responsible for his tear in the right rotator cuff is difficult to say.  It probably contributed, but probably was not the only cause.

Claimant testified that he had not suffered any accidents or injuries involving his right shoulder after April 11, 2000 and that there were no unusual incidents relating to that shoulder.  He stated that he had never experienced any problems with his right shoulder prior to the April 11, 2000 compensable injury by accident.  Claimant testified that he first noticed symptoms in his right shoulder in August 2001.  No evidence contradicted claimant's testimony.

> "[A] doctor's statement that a certain condition is probably connected to the injury means there is a reasonable likelihood of causation, which 'is sufficient to permit a trier of fact to accord the statement probative weight.'" "The testimony of a claimant may also be considered in determining causation . . . ."

Henrico County School Bd. v. Etter, 36 Va. App. 437, 444, 552 S.E.2d 372, 375 (2001) (citations omitted).

Dr. Leibovic opined that claimant's overuse of his right arm, which the commission could reasonably infer was caused by

- 3 -

claimant's compensable left shoulder injury, probably contributed to cause the right rotator cuff tear, although it was not the only cause. "The principle is well established that 'where a disability has two causes: one related to the employment and one unrelated [to the employment] . . . full benefits will be allowed.'" Ford Motor Co. v. Hunt, 26 Va. App. 231, 237-38, 494 S.E.2d 152, 155 (1997) (citation omitted). Thus, Dr. Leibovic's medical records and opinions, coupled with claimant's testimony, constitute credible evidence to support the commission's finding that claimant proved that his right shoulder condition was a compensable consequence of his compensable April 11, 2000 left shoulder injury.

For these reasons, we affirm the commission's decision.

Affirmed.